JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SUNAR MISIR ENTEGRE TESISLERI. A.S.,

                Plaintiff,

-against-

M/V LOVELY FALCON (ex M/V FLAG
SPLENDOUR) her engines, tackle, apparel,
etc., *in rem*; THE VENIAMIS GROUP, and
GOLDEN UNION SHIPPING CO. S.A. *in
personam*,

                Defendants.
------------------------------------------------------------X



08 CIV 4504

## VERIFIED COMPLAINT

Plaintiff, SUNAR MISIR ENTEGRE TESISLERI. A.S. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendants, alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff, SUNAR MISIR ENTEGRE TESISLERI. A.S., was, and still is, a foreign corporation duly organized and operating under the laws of a foreign country, with an office and place of business located at Mersin Yolu Uzeri 12 KM, Adana Turkey and was, and is, the cargo owner and/or consignee of two consignments of corn, as more fully described below.

3. Upon information and belief, Defendant, THE VENIAMIS GROUP was and still is a foreign business entity, organized and existing pursuant to the laws of a country other than the United States, with an office and place of business located at 8 Aegaleo Street, 185 45

Piraeus, Greece, and at all times relevant was the owner, manager, charterer and/or operator of the M/V FLAG SPLENDOUR, which is currently named the M/V LOVELY FALCON.

4.  Upon information and belief, Defendant, GOLDEN UNION SHIPPING CO. S.A., was and still is a foreign business entity, organized and existing pursuant to the laws of a country other than the United States, with an office and place of business located at 8 Aegaleo Street, 185 45 Piraeus, Greece, and at all times relevant was the owner, manager, charterer and/or operator of the M/V FLAG SPLENDOUR, which is currently named the M/V LOVELY FALCON.

5.  Upon information and belief, the M/V LOVELY FALCON, formerly known as the M/V FLAG SPLENDOUR, is an ocean going, diesel powered vessel, engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

## RELEVANT FACTS

6.  On or about April 23, 2007 and April 24, 2007, two (2) consignments of yellow corn, consisting of 648.922 metric tons and 16,238 metric tons, respectively, and totaling 17,896.9221 metric tons, then being in good order and condition, were loaded aboard the M/V FLAG SPLENDOUR, at the port of Destrehan, Louisiana for transportation to Mersin, Turkey in consideration for an agreed freight, pursuant to North American Grain bills of lading issued and dated April 23, 2007 and April 24, 2007.

7.  Upon completion of loading, the M/V FLAG SPLENDOUR, departed from Destrehan, Louisiana and sailed for its intended destination.

8. On or about May 23, 2007, the M/V FLAG SPLENDOUR arrived at the port of Mersin, Turkey and commenced discharge of the two consignments of yellow corn.

9. On or about May 28, 2007, the vessel completed discharge of the referenced consignments, whereupon, it was ascertained that the total amount of yellow corn discharged in Mesrin, Turkey was 180.42 metric tons less than what had been loaded in Destrehan, Louisiana.

10. The defendants and M/V FLAG SPLENDOUR failed to deliver the same amount of cargo as had been received in good order at the port of loading.

11. The shortage/loss of yellow corn did not result from any act or omission on the part of the plaintiff or its assureds but, to the contrary, was caused in whole, or in part, by the negligence and/or breach of contract of the defendants and/or the unseaworthiness of the M/V FLAG SPLENDOUR.

12. As a result of the loss/shortage of yellow corn, plaintiff has sustained damages in the amount of $36,486.30, no part of which has been paid, despite due demand.

13. After due investigation, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the

defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.  That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular matters alleged in the Complaint;

B.  That since the defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are due and owing to the Defendants, in the amount of $36,486.30 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear, and pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint;

C.  An Order recognizing and enforcing any final judgment rendered by a foreign Court in Plaintiff's favor for the monies owed and the claims herein;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  The Clerk of Court issue a warrant for the arrest and/or attachment of the M/V LOVELY FALCON, her engines, tackle, apparel, etc. and that all persons claiming any rights,

4

F.   That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     May 14, 2008
     228-33

                        The Plaintiff,
                        Sunar Misir Entegre Tesisleri. A.S.,

By: _____
Christopher M. Schierloh (CS-6644)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
Tel: 212-286-0225
Fax: 212-286-0261
cms@caseybarnett.com

5

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss:
County of New York   )

1. My name is Christopher M. Schierloh.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       May 14, 2008

_____
Christopher M. Schierloh